IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUBEN DARIO SANCHEZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-863-MEF |
| ) | |
| LEROY KNIGHT, *et al.*, ) | (WO—Do Not Publish) |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Leroy Knight, Jr. ("Knight") and OldCastle Building Envelope, Inc.'s ("OldCastle") (collectively, "Defendants") Motion for Summary Judgment (Doc. #31), which has been fully briefed and is ripe for disposition.[1] For the reasons set forth below, Defendants' motion is due to be GRANTED.

## I. INTRODUCTION

This lawsuit arises out of an automobile accident that occurred on April 7, 2011, on a public highway in Henry County, Alabama. The accident occurred between Plaintiff Ruben Dario Sanchez's ("Sanchez") pickup truck and Defendants' tractor-trailer. In their Complaint, Plaintiffs Sanchez and Kenwin Stuckey ("Stuckey") (collectively, "Plaintiffs") assert the following state-law claims: (1) negligence; (2) wantonness; (3) respondeat superior; (4) negligent/wanton hiring, training, and supervision; and (5) combined and

---

[1] Defendant Penske Truck Leasing ("Penske") has not moved for summary judgment, and the December 17, 2012 deadline for dispositive motions has passed. (*See* Amended Scheduling Order, Doc. #27, at 1.)

concurring negligence and wantonness. (Doc. #1-6.) The only claims presently before the Court are the two claims for which Defendants seek summary judgment: wantonness and negligent/wanton hiring, training, and supervision.

Plaintiffs concede that summary judgment is due to be granted on their claim for negligent/wanton hiring, training, and supervision. As such, this Opinion will only determine whether there is a genuine dispute of material fact on any element of Plaintiffs' wantonness claim.

## II. Jurisdiction and Venue

Jurisdiction over Plaintiffs' claims is proper under 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

## III. Relevant Facts

The Court has carefully considered all affidavits and exhibits submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to Plaintiffs, the non-moving parties, establish the following relevant facts:

On April 7, 2011, on a public highway in Henry County, Alabama, the front-left bumper of the tractor-trailer driven by Knight collided with the back-right bumper of the pickup truck driven by Sanchez with Stuckey as a passenger. This occurred while Sanchez was in the process of making a legal left turn with his turn signal on.

For several minutes before the accident, Knight had been driving behind Plaintiffs in the same lane. Moments before the collision, Sanchez gradually slowed down and signaled

that he was making a left turn off the highway. Sanchez testified that he did not check his rearview mirror while preparing for the turn, and neither Plaintiff testified to observing Knight's actions in the moments immediately preceding the collision. Without hearing anything, Plaintiffs report that the tractor-trailer driven by Knight struck the back-right bumper of Sanchez's pickup truck. Knight admitted he was exceeding the speed limit immediately before braking for the collision, and according to deposition testimony, his tractor-trailer was overloaded by 1,000 pounds. One month before the accident, a Preventative Maintenance Report by Defendant Penske indicated that the tractor-trailer "needed rear axle brakes and drums soon" as the drive-axle brakes were worn below the wear-bar safety indicators.

Plaintiffs' alleged damages include property loss, personal injuries, and lost wages.

### IV. LEGAL STANDARD

A motion for summary judgment looks to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court should grant summary judgment when the pleadings and supporting materials show that no genuine issue exists as to any material fact and that the moving party deserves judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the relevant documents that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986). To shoulder this burden, the moving party can present evidence to this effect. *Id.* at 322–23. Or it can show that the non-moving party has failed to present evidence in support of some element of its case on which it ultimately bears the burden of proof. *Id.*

If the moving party meets its burden, the non-movant must then designate, by affidavits, depositions, admissions, or answers to interrogatories, specific facts showing the existence of a genuine issue for trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). And a genuine issue of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in his or her favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Thus, summary judgment requires the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Indeed, a plaintiff must present evidence demonstrating that he can establish the basic elements of his claim, *Celotex,* 477 U.S. at 322, because "conclusory allegations without specific supporting facts have no probative value" at the summary judgment stage. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985).

A court ruling on a motion for summary judgment must believe the non-movant's evidence. *Anderson*, 477 U.S. at 255. It also must draw all justifiable inferences from the evidence in the non-moving party's favor. *Id.* After the non-moving party has responded to the motion, the court must grant summary judgment if there exists no genuine issue of material fact and the moving party deserves judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## V. DISCUSSION

As an initial matter, when a federal court exercises jurisdiction based upon diversity of citizenship, the court is bound to apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The *Erie* doctrine extends to choice-of-law questions, so that a court sitting in diversity must apply the forum state's conflict-of-law rules. *Strochak v. Federal Ins. Co.,* 109 F.3d 717, 719-20 (11th Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because Plaintiffs' claims sound in tort, Alabama's choice-of-law rules require this Court to apply Alabama law:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991) (citations omitted).

Applying Alabama law, the Court will now address Defendants' motion for summary judgment on Plaintiffs' wantonness and negligent/wanton hiring, training, and supervision claims. Plaintiffs concede that summary judgment is due to be granted to Knight and OldCastle on their claim of neligent/wanton hiring, training, and supervision. Accordingly, Defendants' motion for summary judgment is due to be granted on this claim. This means that the only remaining issue before the Court is whether Defendants are due summary judgment on Plaintiffs' wantonness claim.

Knight and OldCastle argue that Plaintiffs cannot prove the essential elements of their wantonness claim. Under Alabama law, wantonness is defined as "[c]onduct which is

carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(3). Further, "a plaintiff's showing of 'wanton misconduct' requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." *Ex parte Anderson*, 682 So. 2d 467, 469 (Ala. 1996).

To survive summary judgment on a wantonness claim, a plaintiff must provide substantial evidence creating a genuine issue of material fact that a defendant acted with reckless or conscious disregard to the rights or safety of others in his operation of a vehicle. *See Monroe v. Brown*, 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.) ("Wantonness . . . has been defined by the Supreme Court of Alabama as 'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'") (quoting *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998))); *Tolbert v. Tolbert,* 903 So. 2d 103, 115 (Ala. 2004) (affirming summary judgment on a wantonness claim arising from an automobile accident where evidence did not establish "more than a showing of some form of inadvertence on the part of the driver or that it rose to the required showing of some degree of consciousness on the part of the defendant that injuries are likely to result from his act or omissions").[2]  As the Supreme Court of Alabama explained in

---

[2] In *Tolbert,* a child and his grandmother were traveling by car in a light rain. As the car traveled downhill, the child's grandmother failed to negotiate an "S" curve, skidded into the opposing lane of traffic, and collided with another vehicle. The child, the child's grandmother, and the driver of the other vehicle were killed. The child's father filed a wrongful death action against the grandmother's estate, claiming the grandmother was operating her vehicle wantonly. *See* 903 So. 2d 103.

*Tolbert*:

> Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wantonness, willful, or reckless misconduct is an acting, without knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury . . . Wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act . . .

*Tolbert,* 903 So. 2d at 115 (internal quotations and citations omitted). "What constitutes wanton misconduct depends on the facts presented in each particular case." *Id.*

Although, under *Erie,* this Court must apply the Alabama definition of wantonness, "in diversity cases federal courts apply a federal rather than state test in determining the sufficiency of the evidence to create a jury question . . . ." *Salter v. Westra,* 904 F.2d 1517, 1524 (11th Cir. 1990). In the context of summary judgment in the federal arena, the test is whether, in viewing the substantial evidence in the light most favorable to the non-moving party, a genuine dispute exists for trial. *Monroe,* 307 F. Supp. 2d at 1271.

To survive summary judgment in this case, Plaintiffs must establish a genuine issue of fact as to whether Knight: (1) acted consciously when he drove over the speed limit with an overloaded truck and axle-brakes that were worn below the wear-bar safety indicators; and (2) was conscious, based on existing conditions, that injury was a likely or probable result of his actions. *See Monroe*, 307 F. Supp. 2d at 1272. The evidence in this case, viewed in the light most favorable to Plaintiffs, reflects that Knight knowingly drove over the speed limit with knowledge that his truck was overloaded by 1,000 pounds. However, there is no

7

evidence that Knight was aware that the axle-brakes were worn below the wear-bar safety indicators. Only Penske is alleged to have known or been able to discover that, based on the model of the tractor-trailer involved in the accident.³

Moreover, Plaintiffs have presented no evidence that Knight understood that the size of the load he was carrying combined with his speeding made injury to others a "likely" or "probable" result. *See id.* In fact, Knight's testimony and the impact points of the tractor-trailer and Sanchez's truck indicate that Knight followed Plaintiffs at a safe distance and attempted to avoid the collision.

In sum, the Court finds that "there is a total lack of evidence from which the jury could reasonably infer wantonness." *See McDougle v. Shaddrix*, 534 So. 2d 228, 231 (Ala. 1988). Plaintiffs offer no evidence of Knight's wanton driving except for driving over the speed limit in a slightly overloaded truck. As the Alabama Supreme Court has held, "[s]peed alone does not import wantonness, and a violation of the speed law does not of itself amount to wanton misconduct." *Knowles v. Poppell*, 545 So. 2d 40, 42 (Ala. 1989). Although Plaintiffs attempt to establish wantonness by combining Knight's speed with the fact that he was driving an overloaded truck, the Court sees little reason to infer wantonness from such conduct, particularly when there is no evidence of a culpable state of mind.

---

³ Plaintiffs allege that Defendants OldCastle and Knight violated Federal Motor Carrier Safety Regulations ("FMCSR") that require brake inspections to be done by motor carriers and their employees, but they fail to identify facts that specifically support this allegation. Plaintiffs point out that in Knight's pre-trip inspection, he did not visibly inspect the worn drive-axle brakes that may have caused the accident. However, Plaintiffs fail to cite a statute or regulation that requires such a specific, visible inspection rather than the functional inspection that Knight did perform.

## VI. CONCLUSION

For the reasons set forth above, Leroy Knight, Jr. and OldCastle Building Envelope, Inc.'s Motion to Summary Judgment (Doc. #31) is due to be and hereby is GRANTED.

DONE this the 4th day of March, 2013.

                                                    /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE